SILVERMAN, Circuit Judge,
dissenting:
While I agree with the majority’s decision not to grant relief based on the state court’s decision to exclude petitioner’s proposed expert testimony, I disagree that the state court’s decision upholding his twenty-five years to life sentence was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. Accordingly, I respectfully dissent.
Petitioner was charged with violating the sex offender registration statute. As the instructions to the jury and the prosecutor’s closing argument make clear, this case went to the jury on two theories of *382 guilt: failure to register within five days of changing his address, and failure to register within five days of his birthday. The jury rendered a general verdict, so it is impossible to tell what violation was deemed proven.
The distinction between the two types of registration failures matters greatly when it comes to sentencing. We have held that a state court unreasonably applied federal law when it upheld a three strikes sentence for failure to complete a birthday registration. Gonzalez v. Duncan, 551 F.3d 875 (9th Cir.2008). On the other hand, we have also held that a similar sentence for failure to register upon moving is not an unreasonable application. Crosby v. Schwartz, 678 F.3d 784 (9th Cir. 2012).
In upholding petitioner’s sentence, the California Court of Appeal made no distinction between the two types of registration failures with which petitioner was charged, even though at least one California opinion (issued before petitioner’s conviction became final) labeled a defendant’s annual registration failure “a passive, nonviolent, regulatory offense that posed no direct or immediate danger to society.” People v. Carmony, 127 Cal.App.4th 1066, 1078, 26 Cal.Rptr.3d 365 (2005) (applying Solem v. Helm, 463 U.S. 277, 290, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983)). Nor did the state court acknowledge that there is no way to determine if petitioner was convicted of this regulatory offense.
While both Gonzalez and Crosby were decided after this petitioner’s conviction was reviewed by the state Court of Appeal, neither case announced a new rule, instead applying only the existing rules articulated in such cases as Solem and Lockyer, both of which were cited by the state court in denying petitioner’s Eighth Amendment claims on direct review. See, e.g., Bell v. Hill, 190 F.3d 1089, 1090-91 (9th Cir.1999). See also Norris v. Morgan, 622 F.3d 1276, 1287 (9th Cir.2010), quoting Rummel v. Estelle, 445 U.S. 263, 274, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) (“[A]t the very least, it was clearly established at the time the state court decision in this case became final that in applying gross disproportionality principle courts must objectively measure the severity of a defendant’s sentence in light of the crimes he committed.”).
We must ensure that every constitutional “I” is dotted and every “T” crossed when dealing with a sentence of this magnitude for a crime of this nature. Because it is entirely possible — indeed, likely — that petitioner was found guilty of only the technical species of failure to register as a sex offender — i.e., a birthday violation — a sentence of twenty-five years to life violates the proportionality element of the Eighth Amendment. Gonzalez, 551 F.3d at 890-91. Therefore, I respectfully dissent.